1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAC DAVID COCHRAN, | ) | 1:12-cv—01057-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER TO PETITIONER TO SHOW CAUSE |
| | ) | IN THIRTY (30) DAYS WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR PETITIONER'S FAILURE TO |
| | ) | EXHAUST STATE COURT REMEDIES |
| KATHLEEN ALLISON, Warden, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on June 28, 2012.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

1  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

2  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

3  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

4  grounds of relief available to the Petitioner; 2) state the facts

5  supporting each ground; and 3) state the relief requested.

6  Notice pleading is not sufficient; the petition must state facts

7  that point to a real possibility of constitutional error.  Rule

8  4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,

9  915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75

10 n. 7 (1977)).  Allegations in a petition that are vague,

11 conclusory, or palpably incredible are subject to summary

12 dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

13     The Court may dismiss a petition for writ of habeas corpus

14 either on its own motion under Habeas Rule 4, pursuant to the

15 respondent's motion to dismiss, or after an answer to the

16 petition has been filed.  Advisory Committee Notes to Habeas Rule

17 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

18 (9th Cir. 2001).

19     Petitioner alleges that he is an inmate of the California

20 Substance Abuse Treatment Facility (CSATF) serving a sentence of

21 143 years to life for multiple violations of Cal. Pen. Code §§

22 269, 288(b)(1), and 311.4(b).  Petitioner argues that prison

23 authorities' computation of his good time credit and

24 determination that he is entitled to two (2) years of good time

25 credit violated his rights under the Equal Protection Clause and

26 the Due Process Clause.  (Pet., doc. 1, 1-4, 11-12.)

27

28

1        II. <u>Exhaustion of State Court Remedies</u>

2        A petitioner who is in state custody and wishes to challenge

3   collaterally a conviction by a petition for writ of habeas corpus

4   must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).

5   The exhaustion doctrine is based on comity to the state court and

6   gives the state court the initial opportunity to correct the

7   state's alleged constitutional deprivations.   <u>Coleman v.</u>

8   <u>Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509,

9   518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.

10  1988).

11       A petitioner can satisfy the exhaustion requirement by

12  providing the highest state court with the necessary jurisdiction

13  a full and fair opportunity to consider each claim before

14  presenting it to the federal court, and demonstrating that no

15  state remedy remains available.   <u>Picard v. Connor</u>, 404 U.S. 270,

16  275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

17  1996).   A federal court will find that the highest state court

18  was given a full and fair opportunity to hear a claim if the

19  petitioner has presented the highest state court with the claim's

20  factual and legal basis.   <u>Duncan v. Henry</u>, 513 U.S. 364, 365

21  (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10

22  (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>,

23  529 U.S. 362 (2000) (factual basis).

24       Additionally, the petitioner must have specifically told the

25  state court that he was raising a federal constitutional claim.

26  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

27  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>

28  <u>v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,

1   133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United

2   States Supreme Court reiterated the rule as follows:

3         In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
      we said that exhaustion of state remedies requires that
4      petitioners "fairly presen[t]" federal claims to the
      state courts in order to give the State the
5      "'opportunity to pass upon and correct' alleged
      violations of the prisoners' federal rights" (some
6      internal quotation marks omitted). If state courts are
      to be given the opportunity to correct alleged violations
7      of prisoners' federal rights, they must surely be
      alerted to the fact that the prisoners are asserting
8      claims under the United States Constitution. If a
      habeas petitioner wishes to claim that an evidentiary
9      ruling at a state court trial denied him the due
      process of law guaranteed by the Fourteenth Amendment,
10     he must say so, not only in federal court, but in state
      court.

11
    <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule
12
    further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir.
13
    2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th
14
    Cir. 2001), stating:
15
          Our rule is that a state prisoner has not "fairly
16     presented" (and thus exhausted) his federal claims
      in state court unless he specifically indicated to
17     that court that those claims were based on federal law.
      <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
18     2000). Since the Supreme Court's decision in <u>Duncan</u>,
      this court has held that the petitioner must make the
19     federal basis of the claim explicit either by citing
      federal law or the decisions of federal courts, even
20     if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
      189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>
21     <u>Harless</u>, 459 U.S. 4, 7... (1982)), or the underlying
      claim would be decided under state law on the same
22     considerations that would control resolution of the claim
      on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195
23     F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
      88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
24     at 865.
          ...
25     In <u>Johnson</u>, we explained that the petitioner must alert
      the state court to the fact that the relevant claim is a
26     federal one without regard to how similar the state and
      federal standards for reviewing the claim may be or how
27     obvious the violation of federal law is.

28  <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

4

1   amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2   2001).

3         Where none of a petitioner's claims has been presented to

4   the highest state court as required by the exhaustion doctrine,

5   the Court must dismiss the petition.  Raspberry v. Garcia, 448

6   F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

7   481 (9th Cir. 2001).  The authority of a court to hold a mixed

8   petition in abeyance pending exhaustion of the unexhausted claims

9   has not been extended to petitions that contain no exhausted

10  claims.  Raspberry, 448 F.3d at 1154.

11        Petitioner does not affirmatively allege facts supporting a

12  conclusion that he has exhausted either his state administrative

13  or judicial remedies as to his equal protection or due process

14  claims.  All the documentation of exhaustion attached to his

15  petition reflects that Petitioner raised a claim or claims that

16  the computation of his good time credit was incorrect under state

17  law, not that it violated the Constitution.  (Pet., doc. 1, 2-3,

18  26-58.)

19        Therefore, upon review of the instant petition for writ of

20  habeas corpus, it appears that Petitioner has not presented his

21  constitutional claims to the California Supreme Court.  If

22  Petitioner has not presented all of his claims to the California

23  Supreme Court, this Court cannot proceed to the merits of those

24  claims. 28 U.S.C. § 2254(b)(1).  It is possible, however, that

25  Petitioner has presented his claims to the California Supreme

26  Court and simply neglected to inform this Court.

27        Thus, Petitioner must inform the Court if his claims have

28  been presented to the California Supreme Court, and if possible,

1  provide the Court with a copy of the petition filed in the

2  California Supreme Court and any ruling on that petition.

3  Without knowing what claims have been presented to the California

4  Supreme Court, the Court is unable to proceed to the merits of

5  the petition.

6      III. <u>Order to Show Cause</u>

7      Accordingly, Petitioner is ORDERED to show cause why the

8  petition should not be dismissed for Petitioner's failure to

9  exhaust state remedies.  Petitioner is ORDERED to inform the

10 Court what claims have been presented to the California Supreme

11 Court within thirty (30) days of the date of service of this

12 order.

13     Petitioner is forewarned that failure to follow this order

14 will result in dismissal of the petition pursuant to Local Rule

15 110.

16

17 IT IS SO ORDERED.

18 **Dated:    July 26, 2012**                  /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28