UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC DAVID COCHRAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON, Warden,<br><br>　　　　　Respondent. | 1:12-cv—01057-LJO-SKO-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL OF THE PETITION (DOC. 8)<br><br>ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE ACTION |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is the Petitioner's motion for voluntary dismissal of the petition, which was filed on August 9, 2012.

　　On June 28, 2012, Petitioner filed his petition. On July 26, 2012, the Court issued to Petitioner an order to show cause why the petition should not be dismissed for failure to exhaust state court remedies. On August 9, 2012, Petitioner filed a motion to dismiss the petition in which Petitioner acknowledged receipt of the order to show cause and further acknowledged Petitioner's failure to exhaust state court remedies. Petitioner stated in his motion that in lieu of a request for stay and

1

1 abeyance, he requested that his petition be dismissed without
2 prejudice so that he can return to state courts to present his
3 federal claims.
4     Subject to other provisions of law, a Petitioner may
5 voluntarily dismiss an action without leave of court before
6 service by the adverse party of an answer or motion for summary
7 judgment.  Fed. R. Civ. P. 41(a).  Otherwise, an action shall not
8 be dismissed except upon order of the court and upon such terms
9 and conditions as the court deems proper.  Id.
10     Here, the adverse party has not served an answer or motion
11 for summary judgment.  Accordingly, Petitioner is entitled to
12 dismissal.
13     Petitioner requests a dismissal without prejudice.
14     The dismissal of the petition will be denominated as a
15 dismissal without prejudice.  However, Petitioner is forewarned
16 that there is a one-year limitations period in which a federal
17 petition for writ of habeas corpus must be filed.  28 U.S.C.
18 § 2244(d)(1).  In most cases, the one-year period begins to run
19 at the conclusion of direct review.  Id.  The limitations period
20 is tolled while a properly filed request for collateral review is
21 pending in state court.  28 U.S.C. § 2244(d)(2); Nino v. Galaza,
22 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846
23 (2000).  However, the limitations period is not tolled for the
24 time such an application is pending in federal court.  Duncan v.
25 Walker, 533 U.S. 167, 181-82 (2001).
26     Accordingly, it is ORDERED that:
27     1)  Petitioner's motion for voluntary dismissal is GRANTED;
28 and

    2)   The petition for writ of habeas corpus is DISMISSED without prejudice; and

    3)   The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:   August 14, 2012**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE